UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

500 LA PENINSULA
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                       Case No.: 2:20-cv-767-FtM-38NPM

LANDMARK AMERICAN
INSURANCE COMPANY,

    Defendant.
_____/

# ORDER[1]

    Before the Court is Defendant Landmark American Insurance Company's Motion to Dismiss (Doc. 5) and Plaintiff 500 La Peninsula Condominium Association, Inc.'s response in opposition (Doc. 10). The Court denies the Motion.

    This is a Hurricane Irma insurance case.[2] La Peninsula alleges Landmark breached the parties' insurance policy by not fully paying out on a covered loss. The Complaint also seeks declaratory relief.

    A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts pled in the Complaint (Doc. 3), which the Court accepts as true. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Mostly, Landmark moves to dismiss because Count 1 (declaratory relief) is duplicative of Count 2 (breach of contract). What is more, says Landmark, Count 1 fails because it specifies nothing demanding a declaration. Finally, Landmark contends a coverage declaration is not proper under Count 1. Each argument falls short.

The Court starts with the duplicity argument, which it sees a lot in this context. This Court consistently rejects that argument; in fact, it did so just last week. *E.g.*, *Hanus v. AIG Prop. Cas. Co.*, No. 2:20-cv-814-FtM-38NPM, 2020 WL 6154813, at *1 (M.D. Fla. Oct. 20, 2020). To the extent that Landmark cites two Middle District cases adopting the Southern District's approach, Judge Conway recently distinguished those. *Tiro Beachwear Inc. v. Foremost Ins.*, No. 6:20-cv-425-Orl-22DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020). On duplicity, the Motion is denied.

Next, Landmark claims the Complaint alleges nothing in need of declaration. Yet the Complaint seeks a declaration of rights, seeks a determination of full coverage, and lists a several questions in need of a decision. In short, La Peninsula did not bring an ambiguous or hypothetical declaratory request. It brings an actual controversy that survives a motion to dismiss. *See Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-cv-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019).[3] Likewise, Landmark's final argument falls flat. La Peninsula's requests are not inappropriate for a declaratory judgment action as there is still a present controversy between the parties.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 26, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] To the extent that La Peninsula asserts the Florida Declaratory Judgment Act is substantive for *Erie* purposes, the Court disagrees. *Coccaro v. Geico Gen. Ins.*, 648 F. App'x 876, 880-81 (11th Cir. 2016). There is a district court split on the issue. But this Court chose to follow the Eleventh Circuit. *Rock Custom Homes, Inc. v. Am. Zurich Ins.*, No. 2:19-cv-607-FtM-38NPM, 2019 WL 4477819, at *1 (M.D. Fla. Sept. 18, 2019).